## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Cardiac Science, Inc.,                                            Civil No. 03-1064 (DWF/RLE)
a Delaware Corporation,

              Plaintiff,

v.                                                             **MEMORANDUM**
                                                               **OPINION AND ORDER**
Koninklijke Philips Electronics N.V.,
a Netherlands corporation d/b/a
Royal Philips Electronics;
Philips Electronics North America
Corporation, a Delaware corporation; and
Philips Medical Systems North America
Company, a Delaware corporation,

              Defendants,

and

Koninklijke Philips Electronics N.V.,
a Netherlands corporation; and
Philips Electronics North America
Corporation, a Delaware corporation,

              Counter Claimants,

v.

Cardiac Science, Inc.,
a Delaware corporation,

              Counter Defendant.

_____

Bruce E. Black, Esq., David K. Tellekson, Esq., Heather C. Wilde, Esq., James E. Hanft, Esq., Robert L. Jacobson, Esq., Paul H. Beattie, Esq., and Kevin Reiner, Esq., Darby & Darby PC; and Dennis C. Bremer, Esq., and Matthew J. Goggin, Esq., Carlson Caspers Vandenburgh & Lindquist, counsel for Plaintiff and Counter Defendant.

Adam R. Steinert, Esq., Eugene L. Chang, Esq., Gary Serbin, Esq., John M. DiMatteo, Esq., Spyros S. Loukakos, Esq., Steven H. Reisberg, Esq., Willkie Farr & Gallagher LLP; and Lawrence J. Field, Esq., David D. Axtell, Esq., Douglas R. Boettge, Esq., and Harold D. Field, Jr., Esq., Leonard Street and Deinard, PA, counsel for Defendant and Counter Claimant.

_____

## INTRODUCTION

This matter came before the Court on February 22, 2007, pursuant to a Motion to Enforce the Court's December 22, 2006 Order and Strike the New Expert Witness Report of Michael J. Kallok brought by Defendants Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, and Philips Electronics North America Corporation (collectively, "Philips"). For the reasons set forth below, the Court grants in part and denies in part the motion.

## BACKGROUND

The facts and procedural history surrounding the current motion are set forth in the Court's Order dated December 22, 2006. In that Order, the Court granted in part and denied in part Cardiac Science's Motion for Order to Substitute Dr. Michael Kallok for Dr. Stanley Bach, Jr. The Court allowed Cardiac Science to substitute Dr. Kallok for Dr. Bach under the following conditions:

> First, Dr. Kallok may not testify in any manner that is contrary to or inconsistent with Dr. Bach. While the Court recognizes that this limitation will inevitably be the subject of trial objections, including Rule 104 offers of proof and in limine motions, the Court encourages the parties to think of Dr. Bach's testimony as contained in a three-inch electrode pad. Dr. Kallok's testimony must also fit into that pad; his testimony cannot enlarge the pad into a four-inch electrode pad. Dr. Kallok's analysis can be different than Dr. Bach's, but he must reach the same conclusions as Dr. Bach did. Second, Dr. Kallok's invalidity opinions must also be limited

2

>to the opinions properly disclosed in Dr. Bach's opening expert report; opinions concerning invalidity raised in his rebuttal non-infringement report are excluded. Third, with respect to prior art, Dr. Kallok may only testify with respect to prior art that was properly disclosed by the March 15, 2005 deadline and included in Dr. Bach's opening expert report. Fourth, Cardiac Science shall submit a revised report of Dr. Kallok that is consistent with this Order.
>
>Fifth, if Philips wishes, it may depose Dr. Kallok for up to two days at a location it chooses. Cardiac Science shall pay for the court reporter fees incurred during the deposition, travel costs (if any), and the attorney fees incurred preparing for and taking Dr. Kallok's deposition. The parties shall agree to a schedule for Dr. Kallok's revised report and deposition, if any. Sixth, Dr. Bach's deposition testimony may be used for impeachment purposes at trial consistent with the Federal Rules of Evidence.

(December 22, 2006 Order at 8-9 (footnote omitted).)

After the Court entered its Order, Cardiac Science replaced Dr. Kallok's expert report with a nearly identical report. Philips asserts that Dr. Kallok's second report includes opinions never expressed by Dr. Bach, including brand new opinions raised for the first time, relating to certain claims of the '374 Patent; invalidity opinions that were improperly included in Dr. Bach's rebuttal non-infringement report; and other opinions that are contrary to Dr. Bach's testimony. Philips contends that Dr. Kallok's second report should be stricken and his testimony should be limited to Dr. Bach's opinions and deposition concessions, consistent with the Court's December 22, 2006 Order.

Cardiac Science, on the other hand, asserts that Philips has taken a selective reading of the Court's December 22, 2006 Order and "spun" Dr. Bach's testimony and opening invalidity report in an attempt to strip Cardiac Science of its expert opinions on select claims of the '374 Patent. Cardiac Science also contends that every opinion that is provided in Dr. Kallok's second report is supported by Dr. Bach's opening invalidity

3

report. Further, Cardiac Science asks that the Court consider Dr. Kallok's opinion regarding non-infringement of Claim 24 of the '374 Patent to be an appropriate supplemental opinion pursuant to Fed. R. Civ. P. 26(e)(1). Finally, Cardiac Science contends that due to a clerical error, certain claims of the '374 Patent were not included in the chart attached to Dr. Bach's opening invalidity report.

## DISCUSSION

### I. Dr. Kallok's New and Contradictory Opinions

First, Philips moves to strike opinions and conclusions from Dr. Kallok's second report that are different from Dr. Bach's reports, including some opinions that are raised for the first time in Dr. Kallok's report. Philips points to Dr. Kallok's non-infringement position against Claim 24 of the '374 Patent, invalidity opinions regarding Claims 43, 54, and 55 of the '374 Patent, and other examples included in Appendix A to Philips' Memorandum in support of the current motion. Cardiac Science contends that some of these matters should be considered supplemental to Dr. Bach's initial reports, in that they either correct Dr. Bach's misunderstandings of the manner in which Cardiac Science's products operate, or that they aim to remedy inadvertent clerical errors in Dr. Bach's report.

The Court's December 22, 2006 Order specifically forbids Dr. Kallok from testifying inconsistently with Dr. Bach or from expanding the scope of Dr. Bach's opinions. The Court still is not willing to allow Dr. Kallok to change or expand Dr. Bach's testimony in this manner. As such, Dr. Kallok's non-infringement position against Claim 24 of the '374 Patent, invalidity opinions regarding Claims 43, 54, and 55

4

of the '374 Patent, and other new or contradictory opinions are stricken. To the extent that these new opinions serve to correct "mistakes" made by Dr. Bach, they are inappropriate and prejudicial to Philips, especially considering that documents were exchanged for several months before Dr. Bach was deposed and subsequently withdrew as an expert, during which time such mistakes could have been uncovered and remedied. There is no substantial justification to allow Dr. Kallok to re-do Dr. Bach's reports and testimony. Moreover, in its motion to substitute, Cardiac Science repeatedly asserted that Dr. Kallok's testimony did not significantly differ from the substantive opinions of Dr. Bach and that Dr. Kallok had substantially adopted Dr. Bach's opinions. (*See* CSI's Brief in Supp. of its Mot. to Substitute Dr. Michael Kallok for Dr. Stanley Bach, Jr.) Relying upon these assertions, the Court sought to minimize the prejudice that would result to Philips because of the substitution, and ordered that Dr. Kallok would be limited, ultimately, to Dr. Bach's opinions. To allow new or different opinions at this time would undermine the reasoning behind the Court's Order and cause substantial prejudice to Philips.

**II.    Dr. Kallok's Duplication of Dr. Bach's "Late" Invalidity Opinions**

Philips also moves to strike certain portions of Dr. Kallok's second report that repeat, *verbatim*, specific invalidity opinions expressed for the first time in Dr. Bach's rebuttal to the opening infringement report of Dr. Malkin, Philips' expert. Philips contends that the Court's December 22, 2006 Order strictly prohibited such information from being included in Dr. Kallok's report.

5

Cardiac Science, on the other hand, asserts that these opinions were appropriately included in Dr. Bach's rebuttal to Dr. Malkin's opening infringement report, and thus were appropriately permitted in Dr. Kallok's expert report. Specifically, Cardiac Science contends that Dr. Bach's opening report fairly supported Dr. Bach's (and thus Dr. Kallok's) later invalidity opinions. Cardiac Science points to language in Dr. Bach's opening report, on nearly every claim at issue, which stated, "To the extent that it is found that the accused products contain this limitation based on features present in VivaLink, then this limitation would be met by the VivaLink prior art." (Pl. Cardiac Science Corp.'s Mem. in Opp. to Philips' Mot. to Enforce the Ct.'s December 22, 2006 Order at App. A.) Further, Cardiac Science argues that Dr. Malkin's opening infringement report described Philips' infringement position, for the first time, in such a broad manner that only then could Dr. Bach understand the scope of Philips' infringement allegations and fully explain the nature of Cardiac Science's invalidity defense. In this regard, much of Cardiac Science's argument is based on its assertions that Philips never provided its infringement contentions[1] and thus it was impossible for Dr. Bach to guess at how Dr. Malkin would stretch the claims to allege infringement.

---

[1]   At oral argument, Philips presented copies of correspondence between the parties that indicate that Philips had indeed provided some informal infringement contentions to Cardiac Science, although it is not clear to the Court whether these infringement contentions provided the level of specificity that allowed Cardiac Science to understand the scope of Philips' infringement arguments. Philips also contends that it was Cardiac Science that continually refused to provide contentions to Philips. Cardiac Science's counsel had no explanation for its client's refusal to provide the contentions. Regardless, to the Court's knowledge, neither party brought a motion to compel these contentions. As a result, both parties' arguments are irrelevant.

Cardiac Science asserts that Dr. Malkin's opening infringement report "closed the loop" and made the claim invalid by his accusations of infringement. (Pl. Cardiac Science Corp.'s Mem. in Opp. to Philips' Mot. to Enforce the Ct.'s December 22, 2006 Order at 10.)

As a preliminary matter, the Court does not find favor with Cardiac Science's approach in handling this issue after it was decided in the Court's December 22, 2006 Order. In addition to Cardiac Science's assertions that it was unable to initially form a complete invalidity opinion because Philips did not provide its infringement contentions, an allegation that the Court addresses above, Cardiac Science asserts that Philips' attempts to take "strategic advantage" of Cardiac Science's expert substitution motion resulted in an unfair outcome to Cardiac Science. Specifically, in its briefing, Cardiac Science suggests that the record on the initial motion to substitute was incomplete and somewhat prejudicial because Philips' response to that motion raised, for the first time, the "timeliness" of Dr. Bach's invalidity opinions. (Pl. Cardiac Science Corp.'s Mem. in Opp. to Philips' Mot. to Enforce the Ct.'s Dec. 22, 2006 Order at 2, n.2.) Cardiac Science contends that it had no advance notice of Philips' position and was unable to file a reply brief to these allegations. (*Id.*) But, to the Court's knowledge, Cardiac Science never requested leave of the Court to file a reply brief—such leave which is generally granted. And any element of "surprise" was mitigated because Cardiac Science had the opportunity to respond to Philips' arguments at the hearing on December 19, 2006. Moreover, if Cardiac Science was displeased or confused with the Court's December 22, 2006 Order regarding Dr. Bach's so-called "untimely" invalidity opinions, Cardiac

7

Science could have requested leave to file a motion to reconsider that order pursuant to Local Rule 7.1(g). However, Cardiac Science did not do so.

In any event, although the Court acknowledges that it is a change of course from the Court's December 22, 2006 Order, after a further review of the procedural history in this matter, the Court finds little prejudice to Philips in allowing Dr. Kallok to duplicate Dr. Bach's invalidity opinions that were included, for the first time, in Dr. Bach's rebuttal report. Dr. Bach opened the door to such opinions with the so-called "stock phrases" that he included in his opening report. And after Dr. Bach submitted his rebuttal report, Philips was allowed to submit a reply brief addressing any issues raised in the rebuttal reports. Philips was also given the chance to depose Dr. Bach, and will now be given the chance to depose Dr. Kallok, at Cardiac Science's expense. Thus, relatively little prejudice exists to Philips. The Court will allow Dr. Kallok to include invalidity opinions that repeat invalidity opinions that were initially included in Dr. Bach's rebuttal report. However, in conformity with the Court's December 22, 2006 Order, Fed. R. Civ. P. 26(a)(2)(B), and Fed. R. Civ. P. 37(c)(1), these opinions may not include prior art that was not properly disclosed by the March 15, 2005 deadline, or any prior art references that were not included in Dr. Bach's expert reports.

**III.    Remaining Issues**

Philips also asserts that Dr. Kallok's second report violates the Court's December 22, 2006 Order by contradicting portions of Dr. Bach's deposition testimony regarding Dr. Bach's invalidity opinion for Claim 24 of the '374 Patent. The Court declines to rule on this issue at this time. If, in fact, the Court were to conclude from a

motion in limine that Dr. Kallok contradicts Dr. Bach's testimony regarding invalidity, Dr. Kallok's opinion will not be permitted.  The Court also reminds the parties that Dr. Bach's deposition testimony may be used for impeachment purposes at trial consistent with the Federal Rules of Evidence.  (Dec. 22, 2006 Order at 9.)

In addition, the Court declines to redact Dr. Kallok's report.  The Court believes that the parties can, within the parameters of this Order, determine which portions of Dr. Kallok's report should be stricken.  If the parties require any clarification of this Order, the Court urges the parties to contact Lowell Lindquist, the Court's Calendar Clerk, at 651-848-1296 to set up a telephone conference with the Court.

For the reasons stated above**, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Enforce the Court's December 22, 2006 Order and Strike the New Expert Witness Report of Michael J. Kallok (Doc. No. 561) is **GRANTED IN PART** and **DENIED IN PART**, consistent with this Opinion.


Dated:  March 2, 2007                               s/Donovan W. Frank
                                                    DONOVAN W. FRANK
                                                    Judge of United States District Court